United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION, Plaintiff, v. DEPARTMENT OF JUSTICE, Defendant. | Case No. 26-cv-05607-LB **CASE-MANAGEMENT AND SCHEDULING ORDER** Re: ECF No. 17 |

## INTRODUCTION

This is a Freedom of Information Act case. The plaintiff, Ecological Rights Foundation (EcoRights), submitted a FOIA request to the defendant, the U.S. Department of Justice, in March 2026; the Department's Environment and Natural Resources Division (ENRD) is processing it.[1] DOJ has made two interim releases totaling 888 pages, has initiated the interagency consultations that most of the remaining records require, and estimates that it will complete production by December 4, 2026.[2] The parties' updated j oint case-management statement presents one main

[1] Updated Joint Case Management Statement – ECF No. 17. The court has subject-matter jurisdiction under 5 U.S.C. § 552(a)(4)(B), and the parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c). Statement – ECF No. 17 at 2; Consents – ECF Nos. 8, 12. The Statement refers to the "Energy and Natural Resources Division"; the court uses the division's name, the Environment and Natural Resources Division. Statement – ECF No. 17 at 2.

[2] Statement – ECF No. 17 at 4, 11.

dispute: EcoRights asks the court to convert that estimate into a court-ordered schedule — final production by December 4, with monthly interim productions on dates certain — and, failing that, proposes briefing a partial summary-judgment motion in October, with a *Vaughn* index due with DOJ's opposition. DOJ opposes any scheduling order as unnecessary, judicially burdensome, and premature, and contends that summary-judgment briefing, if any, should await completed processing.[3]

The court largely adopts DOJ's dates and makes them enforceable. DOJ must make interim productions by October 16 and November 16, 2026, and must issue its final determination and complete its production (including records subject to consultation) by December 4, 2026, with leave to seek relief from any deadline, before it passes, for good cause. By October 16, DOJ also must adjudicate EcoRights' fee-waiver request or confirm in writing that it will not charge fees. Summary-judgment briefing and a *Vaughn* index are premature. The parties instead must file a joint status report by November 5, 2026, proposing a schedule to resolve any remaining disputes. The September 24, 2026, case-management conference is continued to November 12, 2026.

## STATEMENT

EcoRights submitted its FOIA request to DOJ on March 10, 2026; ENRD received it on April 9.[4] On April 30, DOJ assigned the request to its complex-processing track and invoked FOIA's "unusual circumstances" provision because it needed to consult another agency, estimating that processing would take at least ninety days.[5] EcoRights sued on June 10, 2026.[6] DOJ made its first interim release on July 21 (686 pages, with privacy redactions on ten pages), committed to rolling

---

[3] *Id.* at 5–11.

[4] *Id.* at 2.

[5] *Id.*

[6] Compl. – ECF No. 1; Statement – ECF No. 17 at 2.

releases as records became available, and estimated a second response in August.[7] It answered the complaint on July 22.[8]

The second release came on September 4, 2026: 202 pages, redacted in part under FOIA Exemption 6.[9] DOJ's cover letter estimated a final response by December 4, 2026, for records "[o]utside of any records pending the consultation process" and confirmed that no fees had been assessed; DOJ will adjudicate EcoRights' fee-waiver request only if it determines that fees apply.[10] On September 11, EcoRights proposed a stipulated production schedule and objected to aspects of the September 4 release: the single-PDF format and resulting lack of metadata, the breadth of the Exemption 6 redactions, the absence of a foreseeable-harm explanation, the lack of a completion estimate for records in consultation, and the unresolved fee-waiver request.[11] DOJ did not respond to the scheduling proposal.[12]

On September 17, 2026 (the day the parties filed this statement), DOJ initiated all remaining consultations, asking the consulted agencies to complete them within twenty business days; it estimates that the consultations will be complete by October 16, 2026.[13] That timeline, DOJ says, lets it meet an overall estimated completion date of December 4, 2026, "essentially setting a complete production schedule."[14] DOJ reports that the request is roughly fifteenth in a queue of twenty-eight open complex FOIA requests.[15]

EcoRights asks the court to order a final determination and complete production (including records in consultation) by December 4, 2026, with monthly rolling productions on dates certain beginning October 2; to require a joint status report thirty days after the final determination; and to

[7] Statement – ECF No. 17 at 2.

[8] Answer – ECF No. 11; Statement – ECF No. 17 at 2.

[9] Statement – ECF No. 17 at 3.

[10] *Id.* at 2–3.

[11] *Id.* at 3.

[12] *Id.* at 4 (EcoRights' contention).

[13] *Id.*

[14] *Id.*

[15] *Id.*

United States District Court
Northern District of California

vacate the September 24 case-management conference.[16] Failing that, it proposes a partial summary-judgment schedule: motion by October 1, opposition and *Vaughn* index by October 15, and reply by October 29.[17] DOJ responds that a scheduling order is unnecessary, judicially burdensome (if a consultation lags, it must return to court for relief), and premature; that any summary-judgment deadline should run from the date processing ends, not a date certain; and that a *Vaughn* index is irrelevant to the processing dispute and premature before production is complete.[18]

## ANALYSIS

### 1. The Court Orders a Production Schedule, Largely on DOJ's Own Dates

An agency ordinarily must determine within twenty working days whether it will comply with a FOIA request (a deadline it may extend for "unusual circumstances") and then must make responsive records "promptly available," which "typically would mean within days or a few weeks of a 'determination,' not months or years." 5 U.S.C. § 552(a)(3)(A), (a)(6)(A)–(B); *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013). The court has jurisdiction to order the production of improperly withheld records, 5 U.S.C. § 552(a)(4)(B), and courts in this district manage FOIA cases through ordered production schedules. *See, e.g.*, *Bank Climate Advocates v. U.S. Dep't of Treasury*, No. 4:26-cv-05040, ECF No. 19 (N.D. Cal. Sep. 16, 2026) (ordering a final determination and full production by a date certain, with a post-production status report).

The parties' positions converge more than their rhetoric suggests. DOJ calls December 4, 2026, a reasonable completion date and describes its commitments as "essentially setting a complete production schedule."[19] EcoRights proposes the same end date. The real disagreements are narrow: whether the schedule is enforceable, and whether interim productions have dates

---

[16] *Id.* at 9–10.

[17] *Id.* at 10.

[18] *Id.* at 6–7, 11.

[19] *Id.* at 4.

United States District Court
Northern District of California

certain. The case's history answers both questions. The statutory deadline passed months ago. DOJ's estimate of a second release in August slipped to September 4. And the consultations that DOJ identified as necessary on April 30 were not initiated until September 17, after this lawsuit, two case-management statements, and an unanswered proposal to stipulate to a schedule.[20] A schedule with dates certain asks almost nothing of an agency that intends to meet its own estimate, and it protects the requester if the estimate slips again. DOJ's burden objection (that it may have to return to court if a consultation it cannot control lags) is met by a safety valve: DOJ may seek relief from any deadline, before the deadline passes, for good cause.

One clarification. DOJ's September 4 letter gave December 4 as the estimate only for records outside the consultation process, but its statement here treats December 4 as the overall completion date: the consultations will conclude by October 16 so that DOJ can "meet the estimated completion date of December 4, 2026."[21] The court adopts that overall reading: the December 4 deadline covers all records, including those in consultation.

Two adjustments to EcoRights' proposal. First, the initial interim deadline is October 16, 2026 (DOJ's own estimate for completing the consultations) rather than October 2, which comes too soon after this order to yield a meaningful production. Second, the court resolves the collateral issues. By October 16, DOJ must adjudicate the fee-waiver request or confirm in writing that it will not charge fees. Each production must include a cover letter identifying the exemptions claimed and stating whether any responsive records are withheld in full. The parties must meet and confer about production format and metadata; the court defers that dispute (and the merits of the Exemption 6 redactions and DOJ's foreseeable-harm showing) to the post-production status report.

---

[20] *Id.* at 2–4.

[21] *Id.* at 3–4.

**2. Summary-Judgment Briefing, a *Vaughn* Index, and Discovery Are Premature**

With an enforceable schedule in place, EcoRights' proposed October briefing would serve no purpose: the relief that a partial summary-judgment motion would seek (production on a timetable) is granted by this order. Briefing search, exemption, foreseeable-harm, and format disputes mid-production would fragment the case, and a *Vaughn* index prepared before processing ends would be incomplete on arrival. And the earliest hearing date for an October 1 motion is November 5, 2026, one month before the ordered completion date.[22] The efficient course is the ordinary one: complete the production, then brief whatever disputes remain in one round.

The parties' joint status report (due November 5, 2026) must identify any remaining disputes (search adequacy, exemptions and foreseeable harm, production format, fees, or others) and propose a schedule to resolve them, including a deadline for a *Vaughn* index if exemption disputes remain. Discovery also is premature: FOIA cases ordinarily are resolved on agency declarations without discovery, *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008), and EcoRights may raise any discovery proposal in the status report. The denial of EcoRights' proposed briefing schedule is without prejudice: if DOJ misses an ordered deadline without first obtaining relief, EcoRights can raise the issue and ask for a briefing scheduling on a summary-judgment motion.

**CONCLUSION**

The court orders as follows.

1. By October 16, 2026, DOJ must (a) produce all non-exempt responsive records then available for release and (b) either adjudicate EcoRights' fee-waiver request or confirm in writing that it will not charge fees to process the request.

2. By November 16, 2026, DOJ must produce all additional non-exempt responsive records then available for release.

---

[22] *Id.* at 7.

United States District Court
Northern District of California

3. By December 4, 2026, DOJ must issue its final determination and complete its production of all remaining non-exempt responsive records, including records subject to interagency consultation.

4. Each production must include a cover letter identifying the exemptions claimed and stating whether any responsive records have been withheld in full. If no records are available for release by an interim deadline, DOJ instead must file a short statement explaining why.

5. If, despite diligence, DOJ cannot meet a deadline (for example, because a consultation remains outstanding), it must file, before the deadline, a short statement showing good cause and proposing a revised date.

6. The parties must meet and confer about production format and metadata. They must file a joint status report by November 5, 2026, identifying any remaining disputes and proposing a schedule to resolve them, including a deadline for a *Vaughn* index if exemption disputes remain. The court will set further proceedings, if any are needed, after reviewing the report.

7. EcoRights' proposed summary-judgment briefing schedule is denied without prejudice. There is no discovery absent a further court order.

8. The September 24, 2026, case-management conference is reset to November 12, 2026.

This resolves the disputes in ECF No. 17.

**IT IS SO ORDERED.**

Dated: September 21, 2026

LAUREL BEELER
United States Magistrate Judge